# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2006-AR2, <br><br>Plaintiff, <br><br>v. <br><br>SATICOY BAY, LLC SERIES 9538 DIAMOND BRIDGE; and ASHLEY RIDGE ASSOCIATION, <br><br>Defendants. | Case No. 2:17-cv-00289-RFB-NJK <br><br>**ORDER** |

## I. INTRODUCTION

Before the Court are five motions: Defendant Saticoy Bay, LLC Series 9538 Diamond Bridge's ("Saticoy Bay") motion to dismiss and motion for summary judgment; Defendant Ashley Ridge Association's (the "Association") motion to dismiss and motion for summary judgment; and Plaintiff HSBC Bank USA, National Association as Trustee for Deutsche ALT-A Securities Mortgage Loan Trust, Series 2006-AR2's ("HSBC") motion for summary judgment. ECF Nos. 70 – 73, 76. For the reasons stated below, the Court grants Defendants' summary judgment motions and denies the other motions.

## II. PROCEDURAL BACKGROUND

HSBC sued defendants on January 31, 2017 and filed a notice of *lis pendens* on February 10, 2017. ECF Nos. 1, 6. A scheduling order was initially entered on May 9, 2017. ECF No. 38. But the Court stayed this matter and denied all pending motions without prejudice on March 22,

2018, pending the Nevada Supreme Court's decision on the certified question in SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248, 1251 (Nev. 2018). ECF No. 65. The stay was lifted on August 31, 2018. ECF No. 69.

Saticoy Bay now moves to dismiss the complaint and for summary judgment. ECF Nos. 70, 71. Both motions were fully briefed. ECF Nos. 79, 81, 82, 85. Likewise, the Association moves to dismiss the complaint. ECF No. 73. The motion was opposed but no reply was filed. ECF Nos. 80. The Association also moves for summary judgment. ECF No. 72. Again, the motion was opposed but no reply was filed. ECF No. 74. HSBC moves for summary judgment as well. ECF No. 76. The motion was fully briefed. ECF Nos. 83, 84, 86. The Court held oral arguments on July 25, 2019 on all the dispositive motions. ECF No. 89.

### III. FACTUAL BACKGROUND

#### a. Undisputed Facts

Montree Wanpakdee purchased the property at 9538 Diamond Bridge Avenue, Las Vegas, Nevada 89166 in March 2006 by obtaining a loan. The loan was secured by a deed of trust that identified Silver State Financial Services, Inc. as the lender and beneficiary and Stewart Title as the trustee. The deed of trust was recorded on March 30, 2006. The beneficial interest under the deed of trust was assigned to HSBC on September 7, 2012.

The property sits in a property governed by the Association's covenants, conditions, and restrictions ("CC&Rs"). Under the CC&Rs, property owners must pay homeowners' association fees. Wanpakdee failed to timely pay the dues owed to the Association. Thus, the Association initiated a nonjudicial foreclosure under Chapter 116 of the Nevada Revised Statutes ("NRS") by recording a notice of delinquent assessment against the property on March 7, 2011.[1] On April 11, 2011, the Association recorded a notice of default and election to sell, stating the amount due to the Association as $821.00. On March 24, 2015, the Association recorded a notice of trustee's sale listing $3,966.00 as the amount owed to the Association.

The Association foreclosed on the property on May 5, 2015, selling the property to Saticoy

---

[1] The Association recorded the notices in this matter through its trustee.

- 2 -

Bay for $28,200.00. A foreclosure deed was recorded on June 30, 2015 in favor of Saticoy Bay. HSBC did not attend the sale and did not attempt to stop the sale.

### b. Disputed Facts

The parties dispute whether the foreclosure notices were mailed to or received by HSBC or its predecessors. Saticoy Bay and the Association contend the notices were mailed in compliance with NRS Chapter 116, pointing to exhibits ECF No. 71-5, 71-8, and 71-10.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### V. DISCUSSION

The Court begins by addressing the timeliness of the foreclosure sale. HSBC argues that the Association's lien was expired because a Nevada statute imposes a three-year limitation on liabilities created by statute. The Court disagrees. While the Association's superpriority lien was established by NRS Chapter 116, the three-year statute of limitations imposed by NRS 11.190 does not apply. Facklam v. HSBC Bank USA for Deutsche ALT-A Sec. Mortg. Loan Tr., 401 P.3d 1068, 1071 (Nev. 2017) (holding that nonjudicial foreclosure actions are not subject to the statute of limitations in NRS 11.190 because a nonjudicial foreclosure is not a judicial action); see also

Nationstar Mortg., LLC v. Hidden Canyon Owners Ass'n, No. 2:16-cv-02920-RFB-GWF, 2019 WL 3400635, at *2 (D. Nev. July 26, 2019).

The Court is also unpersuaded by HSBC's arguments that NRS Chapter 116 was facially unconstitutional under Bourne Valley Court Tr. v. Wells Fargo Bank, NA, 832 F.3d 1154, 1160 (9th Cir. 2016). The Ninth Circuit's decision in Bourne Valley relied on an interpretation of Nevada law that was subsequently rejected by the Nevada Supreme Court in SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248, 1251 (Nev. 2018). Thus, "Bourne Valley no longer controls the analysis, and … [NRS Chapter 116] is not facially unconstitutional on the basis of an impermissible opt-in notice scheme." Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n, 920 F.3d 620, 623 (9th Cir. 2019); see also Carrington Mortg. Servs., LLC v. Tapestry at Town Ctr. Homeowners Ass'n, 381 F. Supp. 3d 1289 (D. Nev. 2019).

HSBC's as-applied due process challenge fails as well. HSBC challenges the foreclosure sale as violating its due process rights as-applied due to insufficient notices or the failure to mail the notices to HSBC or its predecessors-in-interest. The Court again disagrees, incorporating by reference its reasoning in Carrington Mortg. Servs., LLC, 381 F. Supp. 3d at 1295 and CitiMortgage, Inc. v. Help for Homeowners, Inc., No. 2:17-cv-02738-RFB-VCF, 2019 WL 1446960, at *3 (D. Nev. Mar. 31, 2019). Importantly, the Court finds that there is no genuine dispute as to the notices being mailed to HSBC's predecessors-in-interest. The Association and Saticoy Bay attach certificates of mailing with certified mailing numbers and return receipts that indicate the notices were mailed. Regarding the notices being mailed to HSBC, the Court acknowledges that HSBC takes issue with the name to which the notice of sale was addressed: HSBC Bank USA, National Association, as Trustee c/o Indecomm Global Services. However, the notice was mailed to the only address listed on the assignment under which HSBC acquired its interest in the deed of trust. Indeed, HSBC has not identified—or argued—that the address was incorrect or provided an alternative address to which the notice should have been mailed. It instead only relies on the notice being addressed, in part, to Indecomm rather than to the full legal name of HSBC. The Court finds this argument insufficient to create a genuine issue of material fact as to whether the notices were mailed in accordance with NRS Chapter 116.

Additionally, the Court notes that the Association recorded its notice of delinquent assessment against the property and its notice of default and election to sell in 2011—prior to HSBC acquiring its interest in the property on September 7, 2012. Thus, not only do the certificates of mailing indicate that HSBC's predecessors-in-interest received notice of the lien and the looming foreclosure sale long before the foreclosure sale occurred, the public record also provided notice of the lien and the forthcoming foreclosure sale prior to HSBC acquiring its interest in the property. W. Sunset 2050 Tr. v. Nationstar Mortg., LLC, 420 P.3d 1032, 1035 (Nev. 2018). The Court therefore finds that the foreclosure sale did not violate the due process rights of HSBC. See Carrington Mortg. Servs., LLC, 381 F. Supp. 3d at 1295.

The Court finally finds that HSBC cannot prevail on its arguments that the sale was commercially unreasonable because it has failed to establish any defects or fraud, oppression, or unfairness in the sale. Bank of Am., N.A. v. Estates-Unit Owners' Ass'n, No. 2:18-cv-00384-RFB-NJK, 2019 WL 1460865, at *4 (D. Nev. Mar. 31, 2019).

As to the remaining claims, the Court dismisses claim four, finding that a claim for an injunction is not a stand-alone claim; it is a request for a specific form of relief. The Court also dismisses claim five, finding HSBC fails to provide any argument or evidence in response to Saticoy Bay's arguments for summary judgment.

In conclusion, the Court finds that the foreclosure sale in this case was consistent with Nevada law and extinguished the prior deed of trust. See Carrington Mortg. Servs., LLC, 381 F. Supp. 3d at 1295.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Saticoy Bay's motion for summary judgment (ECF No. 71) is GRANTED. The Clerk of the Court is instructed to enter judgment in favor of Defendant Saticoy Bay on claim one, claim two, claim three, and claim five, finding that HSBC Bank's deed of trust was extinguished by the nonjudicial foreclosure sale.

**IT IS FURTHER ORDERED** that Defendant Ashley Ridge Association's motion for summary judgment (ECF No. 72) is GRANTED. The Clerk of the Court is instructed to enter

judgment in favor of Defendant Ashley Ridge Association on claim one and claim two, finding that HSBC Bank's deed of trust was extinguished by the nonjudicial foreclosure sale.

**IT IS FURTHER ORDERED** that Plaintiff HSBC Bank's motion for summary judgment (ECF No. 76) is DENIED.

**IT IS FURTHER ORDERED** that the pending motions to dismiss (ECF No. 70 and ECF No. 73) are DENIED as moot.

**IT IS FURTHER ORDERED** that claim four is dismissed as it is not a stand-alone claim.

**IT IS FURTHER ORDERED** that the Clerk of the Court close this case accordingly.

DATED: September 30, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**